UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **ROBBIE USSERY** | **CIVIL ACTION NO. 06-2336** |
| -vs- | **JUDGE DRELL** |
| **DOLLAR GENERAL CORPORATION, et al.** | **MAGISTRATE JUDGE KIRK** |

# RULING

Before the court is a motion for summary judgment (Doc. 22) filed by defendant Dolgencorp, Inc., seeking the dismissal of all of the plaintiff's claims in this suit. For the reasons set forth below, the motion is DENIED.

## BACKGROUND AND JURISDICTION

The basic facts are not in dispute. On November 19, 2005, the plaintiff, Ms. Robbie Ussery ("Ussery"), intending to make a few small purchases, went to a Dollar General store operated by the defendant, Dolgencorp., Inc. ("Dolgencorp"), in Alexandria, Louisiana. At the time of the accident, Ms. Ussery was eighty-two (82) years old, but she was active, lived alone, and performed her own chores. She had driven to the store alone, as she was accustomed to; walked without the assistance of a cane, walker, or other device; and otherwise had no physical or mental infirmity.

Upon entering the store, Ms. Ussery asked a Dollar General employee if there were any shopping carts available. The employee informed her that all of the shopping

carts were outside the store. Ms. Ussery did not ask for assistance; instead, she immediately exited the store to retrieve the first available cart from the line of carts pushed together just outside the entrance. Initially, she could not budge the cart simply by tugging on it, but when she gave it a jerk, it suddenly came free, throwing her to the ground and causing her to lose consciousness.

Ms. Ussery filed the instant suit in the Ninth Judicial District Court for the State of Louisiana on November 16, 2006, asserting tort claims for damages relating to her fall. Dolgencorp removed to this court on December 14, 2006 pursuant to 28 U.S.C. § 1441, correctly asserting diversity jurisdiction under 28 U.S.C. § 1332. Thus, the suit is properly before us.

On August 30, 2007, Dolgencorp filed the instant motion for summary judgment (Doc. 22), asserting that it is entitled to judgment as a matter of law because (1) Ms. Ussery is owed no greater duty of care on account of her age, and (2) the shopping carts were not damaged or defective. In response, Ms. Ussery argues (1) that Dolgencorp may be liable even under a general duty rather than a heightened duty, and (2) that there is a genuine issue of material fact as to the condition of the shopping carts. We address these arguments below.

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Id. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992). Finally, "a mere scintilla [of evidence] is not enough to defeat a motion for summary judgment." Davis v. Chevron U.S.A., Inc., 14 F.3d 1082, 1086 (5th Cir. 1994) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)).

## ANALYSIS

First, Ms. Ussery does not dispute Dolgencorp's argument that the store did not owe a heightened duty to Ms. Ussery on account of her advanced age. Instead, Ms. Ussery argues that Dolgencorp still may be liable under a general tort duty. Thus, we begin by examining this general duty.

Louisiana courts analyze negligence claims under La. Civ. Code art. 2315 using duty-risk analysis, which the Louisiana Supreme Court has explained as follows:

> The duty-risk analysis is the standard negligence analysis employed in determining whether to impose liability under LSA-C.C. art. 2315. This approach provides an analytical framework for evaluation of liability. One analysis requires proof by the plaintiff of five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element). A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability.

Lemann v. Essen Lane Daiquiris, Inc., 923 So. 2d 627, 632-33 (La. 2006) (citations omitted). The Louisiana Supreme Court has further explained:

> Whether a duty is owed is a question of law. Whether defendant has breached a duty owed is a question of fact. In general, the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm.

Mundy v. Department of Health & Human Resources, 620 So. 2d 811, 813 (La. 1993) (citations omitted). See also Rhodes v. Winn-Dixie La., 638 So. 2d 1168, 1172 (La. App. 1 Cir. 1994) ("[T]he defendant store owed their customer[s] the duty to provide reasonable care for their safety, while shopping, and a duty not to expose them to an unreasonable risk of harm.").

Thus, as a matter of law, Dolgencorp did have a duty with respect to Ms. Ussery, regardless of her age. That much we may decide at this stage. However, we cannot decide whether a breach occurred at this stage, because genuine issues of material fact remain as to whether Dolgencorp knew of the danger. For instance, Dolgencorp admitted in a discovery interrogatory that it knew of at least one prior similar incident

at other locations. However, there is uncertainty regarding the extent to which the incidents are similar, whether the causes are related, and whether this incident was caused by the defendant or otherwise.[1] These issues are properly reserved for trial on the merits rather than shoe-horned into a motion for summary judgment.[2] On this basis, we must deny the motion.

## CONCLUSION

Based on the foregoing, the motion for summary judgment (Doc. 22) filed by defendant Dolgencorp, Inc. is DENIED.

SIGNED on this 26 day of March, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

---

[1] The issue of whether the individual carts were defective is a bit of a red herring in this case, as the key issue is not a defect in the carts per se but the danger arising from their being jammed together.

[2] We do not rely on Dolgencorp's customer service manual, which, inter alia, calls on Dolgencorp employees to bring shopping carts to customers. Despite Ms. Ussery's assertions, this manual clearly is NOT a safety manual. Violation of one of the manual's provisions by a Dolgencorp employee is at worst a breach of good manners. The manual has no bearing on the legal duty owed to Ms. Ussery and no bearing on Dolgencorp's breach of that duty.